86 So.2d 103

Maurice A. CUCURULLO

v.

CITY OF NEW ORLEANS et al.

No. 42271.

Feb. 20, 1956.

Henry B. Curtis, City Atty., Charles E. Cabibi, Asst. City Atty., New Orleans, for defendant-appellant.

Guy J. D'Antonio, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

The City of New Orleans, in providing an approach to the Gentilly underpass which it constructed, lowered the grade of Bruxelles Street in front of plaintiff's property some 4' and built there a concrete retaining wall, with the result that a pre-existing 8' 3" driveway into the premises was completely and permanently eliminated.

After attempting in vain through amicable demand to obtain payment for the resulting damages plaintiff instituted this suit against the city and the New Orleans Railway Terminal Board, he praying for a solidary judgment in the sum of $8,572.

The district court, following a trial of the merits, rendered a judgment condemning the City of New Orleans to pay to plaintiff the sum of $5,000 and dismissing the suit as to the New Orleans Terminal Board.

The City of New Orleans appealed. Plaintiff neither appealed nor filed an answer to the city's appeal.

Unquestionably, plaintiff's premises were damaged by the complete and permanent elimination of the driveway. Even appellant's experts testified that the loss of the driveway resulted in a diminution in the rental and sale value of the property.

■ Moreover, the city, having caused the loss in connection with and necessitated by its construction of public works, is legally liable therefor. Section 2, Article 1 of the Louisiana Constitution, LSA, states: "* * * Except as otherwise provided in this Constitution, private property shall not be taken *or damaged* except for public purposes and after just and adequate compensation is paid." And our jurisprudence recognizes the liability of public agencies for interfering with rights of ingress and egress respecting private properties. Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612 and Patin v. City of New Orleans, 223 La. 703, 66 So.2d 616. (Italics ours.)

■ As to the matter of quantum we are unable to conclude that the trial judge erred in awarding plaintiff the sum of $5,000

The property in question is zoned "J" Industrial, and since 1942 plaintiff has maintained there a cleaning and pressing establishment. Of the two buildings situated on the lot, the front structure is used for the conducting of all business transactions and the rear one (containing the necessary machinery and other equipment) for the actual cleaning and pressing operations.

The evidence relating to a diminution in value consisted only of the testimony of four realtors. The two experts called by the city estimated that the property with the pre-existing driveway was worth $20,000 and that it now has a value of $18,000 to $18,300. They determined the diminution to be from $1700 to $2000 by (1) using a 7% capitalization rate based on an assumed rental value for the vacant strip and (2) concluding that plaintiff had in effect lost 8' 3" of his vacant ground which was worth a maximum of $200 per front foot.

The two experts testifying for plaintiff, on the other hand, thought that the property initially had a value of about $27,000 and that a diminution of about 30% thereof ($8,100) had taken place. One of these said that in making the estimate he took into consideration the present zoning regulations requiring the supplying of offstreet parking. (However, the record discloses that the lot is not sufficiently large to permit appreciable parking.) Plaintiff's other expert expressed the view that "a lot of people would not be interested in that property without that driveway."

In view of the wide variance between the estimates furnished by the recognized experts of the respective litigants (which constituted the only evidence on the matter of quantum), and since none of the

opinions expressed appear to have any appropriate factual basis, we do not feel warranted in disturbing the award of $5,000 made by the district court.

For the reasons assigned the judgment appealed from is affirmed.