TATE, Judge.
• This is a possessory action. Plaintiff Boudreaux prays that his possession of a five-foot servitude of driveway be protected by injunctive relief and also that he be awarded damages for a disturbance of his possession. Boudreaux appeals from the dismissal of this suit against the co-defendants, the Lafayette Parish Police Jury and Warren Landry, a police juror.
The plaintiff alleges that his possession of the servitude has been disturbed by the encroachment on it of a ditch constructed by police jury personnel and equipment at the direction of defendant Landry.
*536 In the North Midway Subdivision near Lafayette, between Nell Street and the plaintiff Boudreaux’ home property is a five-foot strip which was reserved by Adam Dugas, owner of the land, at the time he dedicated Nell Street and recorded the plat of the aforesaid subdivision. (Tr. 112.) By recorded deed of December 7, 1954, for a consideration of $160, Adam Dugas conveyed to plaintiff Boudreaux “a servitude of drive [over this strip of land 5' in width by 415' in length] for the use and benefit of the property” of Boudreaux, having by the same instrument “dedicated for said purpose a servitude of way over and across the above described strip of land for the purpose of gaining access to Nell Street.” Dugas also agreed that he would “at no time obstruct the servitude of drive in a manner so as to interfere with the use thereof by the occupants of the properties immediately south of said strip of ground.”
In 1957, immediately prior to the present suit, the defendant Landry, as police juror for the area, desired to extend and deepen a ditch between Nell Street and the plaintiff Boudreaux’ property. The old ditch was situated at the south edge of Nell Street, partly on the servitude strip, which ran along the south line of the Nell Street right of way. The plaintiff’s property was south of the servitude strip.
Landry secured the assent of Dugas, the owner of the naked title to the strip, as well as of other residents of the neighborhood; but the plaintiff herein strongly objected to the deepening of the ditch. The defendant Landry nevertheless proceeded with the construction of a ditch partly encroaching upon the five-foot strip over which the plaintiff has a servitude of drive or way.- This suit was then filed.
The contention of able counsel for the plaintiff is that the defendants’ action in constructing a ditch upon his servitude, even though with the consent of the owner of the naked title, constituted a taking of his property without judicial proceedings or prior compensation in violation of Article I, Section 2, La. Constitution, LSA.
The trial court held, correctly in our opinion, that the action of the police jury in constructing a ditch at the edge of the servitude, with the consent of the owner of the naked title of the land, did not constitute a taking of the property of the plaintiff such as requires prior judicial sanction and prior compensation. Such prerequisites may well have been necessary if the plaintiff had owned the fee title to or had held a lease over the strip in question. But under the evidence presented by this record, the defendant police jury did not take the very restricted rights which the plaintiff had acquired with regard to the strip in question: a servitude of “drive” or “way” for the limited purpose of gaining access from his lot "to Nell Street.”
 Boudreaux did not, for instance, purchase the use of the strip to broaden the width of his narrow lot that would be available to him for lawn or garden. He purchased simply a right to drive from his lot across the strip to Nell Street and back, which (since servitudes are strictly construed, LSA-C.C. Art. 753) we interpret to mean the right to drive from the northern edge of his lot directly across the five-foot strip to Nell Street, rather than the unrestricted right to use the strip as a driveway for all purposes, such as for a lengthwise driveway leading from Wolf Street on the narrow front of his lot and down the servitude’s entire length of 415 feet.[1]
*537 At the time of trial the defendants had ¡not interfered with the restricted right of egress and ingress which the plaintiff had •obtained by his servitude. In exercise of his servitude rights, the plaintiff had constructed a driveway to his garage from Nell Street directly across the strip at a point approximately one hundred fifty feet from (west of) the front of the lot. After the institution of these proceedings, the deepening and further construction of an old ditch had been stopped at a point a few feet west of the driveway, and no interference with its use had been occasioned prior to the trial below.
Insofar as this suit seeks also to enjoin the contemplated continuation of the ditch past the point where the plaintiff’s driveway is situated and to the east (front) end of his lot, our learned brother conceded that such continuation would cause temporary inconvenience and disturbance- to the plaintiff, but concluded, correctly in our opinion: “This inconvenience accompanied by an element of damage cannot, however, in our opinion, retard or prevent [by injunction] the construction of a drainage ditch which would serve the immediate community. Such inconvenience and such damages as plaintiff may suffer as a result of the digging of the ditch could be considered at the proper time.”
We assume that, of course, the temporarily disturbed driveway and its culvert will be replaced by the defendants without ■undue delay following ditch operations at that point, unless prevented by the plaintiff from doing so. An issue arising from •default in this regard is not before us at this time, however. There is no evidence that the driveway has been removed and, ■despite demand, not replaced.
The plaintiff seems to contend that he is ■entitled to injunctive relief because the •ditch, by narrowing the five-foot width of the servitude available for his use, prevented his continued use of the servitude •as a lengthwise driveway to convey lum>ber from his garage (near the front of his lot) to the rear of the lot. He has, however, no property right'in this respect that was taken or damaged because such a use is not within the intended servitude of drive or. way purchased by the plaintiff for access "to Nell Street.”
The relief demanded is an injunction to prevent use of the servitude for ditch purposes and to require the police jury to refill its excavation, as well as additionally for monied damages. The pleadings and testimony show that relief requested is based upon a misapprehension by the plaintiff of what he had acquired by the servitude. We do not feel he is entitled to the relief for which he prays and accordingly affirm the dismissal of his suit.
We do note, however, that the construction and deepening of the ditch does have the practical effect of rendering more difficult in the future access from Nell Street across the servitude strip to plaintiff’s lot at its rear. At the present, a fence on the plaintiff’s property line along the rear (west) of- the servitude strip prevents for most of the strip’s length a practical use for such a purpose. There is some testimony, however, that on infrequent occasions in the past the plaintiff has obtained access to the rear of his lot by such use of the servitude strip. There is no proof in the record of any monied damages for the theoretical disturbance of such right.
But we do not mean by this judgment to hold that the defendant police jury is entitled to deprive the plaintiff of access from his lot to Nell Street across the servitude strip. Cf., State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71. Had the plaintiff demanded the furnishing of a reasonable crossing over the deepened ditch instead of the total relief of its refilling, a different question would be presented to us.
Lest our judgment dismissing plaintiff’s suit be interpreted to mean more than we intend, we wish specifically to state that the dismissal is without prejudice to the plaintiff to institute further proceedings (if *538 amicable demand for such relief is refused) to have the defendant police jury install and construct at its expense, and at a spot to be chosen by the plaintiff, at least one reasonably adequate ditch-crossing together with culvert(s) at the rear of the plaintiff’s lot, i. e., between his garage and the end of the Nell Street right of way. (In view of our previous comments, it is unnecessary to add that our judgment does not bar his right to seek similar relief if a similar crossing is not constructed to replace the one leading into the plaintiff’s garage, which must be temporarily removed in order to complete the ditch.)
This court has included by way of comment more observations by way of dicta than we generally feel to be appropriate in a judicial decision. The record before us reflects that, no doubt from equally sincere motives on the part of all, this dispute has engendered fairly bitter feelings between the opposing principal parties. It is our hope that our suggestions as to the resolution of the remaining problems arising from this dispute (which are not yet before us on this appeal) may be accepted in the spirit in which intended: as a means of avoiding future litigation, rather than as an excuse for it.
By answer to the appeal the defendants-appellees re-urge a plea of prescription based upon LSA-R.S. 48:491, which provides that roads which are maintained by a public authority for a period of three years shall be public roads.
Relied upon is testimony that there is and has been a ditch eight inches deep and situated along Nell Street and encroaching up to three feet within the servitude strip which had been maintained by the defendant parish from 1951 up to the filing of the present suit in 1957. In our opinion, the public right in continued maintenance of the ditch at a depth of eight inches does not by itself include the right to deepen the ditch to three feet, nor to extend it from its present 300' in length to 415'. Thus, the plaintiff’s right to injunc-tive relief and to recover the actual damages that might result from a failure to restore access to Nell Street will not be barred by the cited prescriptive law.
For the foregoing reasons, the judgment of the trial court is affirmed, without prejudice to plaintiff’s right by appropriate proceedings to seek preservation of reasonable access from Nell Street to his lot across the servitude strip.
Affirmed.

. Although Nell Street had not been physically completed down the entire length of the servitude strip, the Nell Street right of way ran down its entire 415' length (Tr. 64-65; see P-1) ; and the plat of the North Midway subdivision, by which the servitude of the five-foot strip had been sold, showed Nell Street as bordering the strip down this entire length (Tr. 14; P-1, p. 24). The limited right of drive or way “to Nell Street” was thus, as above stated, from the northern edge of the lot directly across the five-foot strip to Nell Street.