FRUGE, Judge.
Defendant is the owner of a tract of land situated in the Parish of Calcasieu which the State of Louisiana, through the Department of Highways, is seeking to expropriate for highway purposes. There is no dispute as to the right of plaintiff to expropriate the property. The only question before the court is the value of the property taken and the damage, if any, to the remainder of the property.
Plaintiff deposited in the registry of the court as its estimate of compensation, $8,-790.00 as the value of the land taken, and $4,421.00 as damages to the remainder of defendant’s property. Subsequently, a trial on the question of compensation was *422 held. The district judge found the value of the property taken to be $9,300.00 and damages to the remainder of defendant’s property to be $19,700.00. Plaintiff is appealing from this judgment.
Plaintiff, in prosecuting this appeal, insists that the amount awarded defendant should not exceed the amount deposited in the registry of the trial court prior to trial on this matter and that the judgment should be reduced to that amount. Defendant, by answer to plaintiff’s appeal, maintains that the judgment appealed from should be amended by increasing the amount awarded as compensation for the part of his land taken from $9,300.00 to $9,906.33 and by increasing the amount awarded as damages to the remaining part of his property from $19,700.00 to $38,258.32.
The tract of land which plaintiff seeks to expropriate is located at the northwest corner of two major traffic arteries, namely U. S. Highway 90 and U. S. Highway 171, just outside the municipal limits of Lake Charles. . Prior to the taking, the property fronted approximately 106 feet on U. S. Highway 90 and 101 feet on U. S. Highway 171, and covered an area of 10,600 square feet. Plaintiffs, by this suit, are taking 1,758 square feet of this property.
When private property is expropriated for public purposes the owner is entitled to its market value at the time it is taken which is its fair value between one who wants to purchase and one who wants to sell under usual and ordinary circumstances. State v. Dowling, 205 La. 1061, 18 So.2d 616; Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914. This fair market value is determined in light of its highest and best use. State Through Department of Highways v. Ebrecht, La.App., 135 So.2d 624; State Through Department of Highways v. Hedwig, Inc., La.App., 133 So.2d 180.
Plaintiff produced as expert witnesses George B. Hines, Jr. and John G. Love. They testified that the best use of the property was for a supper club, or a grocery store, and that the fair market value of the parcel taken was $8,790.00. Defendant’s witnesses, Ted P. Harless, A. L. Kushner, Paul Guillory and Robert F. Coffey were of the opinion that the highest and best use of the property at the time of the taking was for a service station location. Plarless evaluated the land expropriated at $9,774.48 and it was stipulated that Kushner and Guillory would testify substantially the same. Coffey’s testimony as to the value of the property was excluded upon objection by the state. It was generally agreed by all of the witnesses that the total value of the property before the taking was $59,500.
We are of the opinion that the highest and best use of defendant’s property, at the time of the taking, was for a service station location. Considering this use and giving due weight to the testimony of Mr. Coffey, whose opinion was excluded by the trial court, and the option agreement introduced into evidence but not considered by the trial judge, we feel that the lower court erred in awarding defendant $9,300 for that part of the property taken. In our opinion, an award of $9,700 would more closely reflect the actual market value and give effect to the weight of evidence on both sides. This part of the judgment will be amended accordingly.
Concerning the question of severance damages, this court in a recent decision, State Trough Department of Highways v. Gani, 138 So.2d 683, stated:
“Our jurisprudence is well settled that the severance damage allowable as a result of an expropriation is the difference between the market value of the property immediately before and immediately after the taking. State Through Department of Highways v. Central Realty Investment Co., 238 La. 965, 117 So.2d 261; Texas Pipe Line Co. v. Barbe, 229 La. 191, 85 So.2d 260; Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. *423 319. Under these authorities it is fundamental that severance damages to remaining land cannot be presumed and will not be awarded unless the owner shows by competent evidence that the value of his remaining land has been diminished by the taking. In most cases the best way to prove such diminution in value, and the amount thereof, is by the testimony of expert witnesses or by comparable sales to show that the remaining property is worth less after the taking than it was before.”
In the instant case, the testimony of the experts varied considerably as to the extent of the severance damages that resulted from the taking of defendant’s property. The trial judge, in his written reasons, succinctly set forth his appreciation of their testimony, as follows:
“The defendant’s witnesses testified that because of a reduction in the size of the land and also the anticipated construction of a barrier curb the property could no longer be used for a major service station. As a result, their opinions as to the value of the property after the taking were: Mr. Harless — $15,000.00; Mr. Kushner— $10,000.00; and Mr. Guillory — $10-000.00.
“ * * * [I]n the opinion of Mr. Hines the market value of the land and improvements after the taking was $46,004.00. Mr. Love concluded that the market value of the remaining land was $39,789.00.” (Tr. 82).
He then concluded, taking all of the expert testimony into consideration, that the fair market value of the property after the taking was $30,500.00. Deducting this amount from the value of property prior to the taking ($59,500.00), he arrived at a difference of $29,000.00. Substracting this amount from the market value of the parcel taken, which he found to be $9,300.00, he computed the severance damages to be $19,700.00.
Counsel for defendant contends that in arriving at the fair market value of the property after the taking, the trial judge should have disregarded the testimony of plaintiff’s expert witnesses. The record discloses that the highway construction plans and specifications call for thé erection of a barrier curb which, coupled with the alteration of the shape of defendant’s property, will leave defendant with approximately 61 feet of access to U. S. Highway 90 and 48 feet of access to U. S. Highway 171. Defendants urge that, inasmuch as plaintiff’s experts did not consider the effect of this barrier curb and the decreased access to the respective highways as a damaging effect on the remainder of the property, their testimony should not be considered. In support of this contention, we are referred to Cucurullo v. City of New Orleans, 229 La. 463, 86 So.2d 103, wherein the City of New Orleans, in providing an approach to the Gentilly underpass which it constructed, lowered the grade of the street in front of plaintiff’s property, with the result that a pre-existing driveway into the premises was completely and permanently eliminated. This decision clearly announces that the right of ingress and egress are property rights which cannot be destroyed by a public body without just compensation.
It is true that, in the case at bar, defendant’s access was decreased but not completely destroyed. However, we are of the opinion that this factor should have been considered in evaluating the severance damages to the remainder of defendant’s property.
Considering all of the testimony as to the value of the remainder of defendant’s property, and taking cognizance of the fact that plaintiff’s witnesses failed to consider what effect limited access would have on this property valuation, we are of the opinion that the fair market value of the remainder should be fixed at $15,000:00. Deducting the value of the parcel taken, i. e., $9,700.00 from $59,500.00, i. e. the *424 value of the whole before the taking, leaves a difference of $49,800.00 as the value of the remainder before the taking. Subtracting from this the value of the remainder after the taking, i. e., $15,000.00, leaves the sum of $34,800.00 as severance damages.
For the reasons assigned herein, the judgment of the trial court is amended so as to increase the amount awarded to defendant from $29,000.00 to $44,500.00, and as thus amended the judgment is affirmed; plaintiff to pay all costs of this appeal.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.