GLADNEY, Judge.
This action was instituted to recover com■pensation and severance damages for property taken by the defendant, the State of Louisiana, Through Department of High-ways, for highway purposes. This suit was filed on May 27, 1957 and trial had on March 26, 1964. From a judgment in favor of plaintiff for $5,500.00 the defendant has .•appealed and plaintiff has answered the appeal praying that the award be increased to .$8,800.00.
The plaintiff, Abraham Dow, who is now •dead, but whose heirs were made parties plaintiff, was the owner of a lot fronting 117 feet on Union Street, Minden, Louisiana. Union Street is a segment of U. S. Highway No. 80. Prior to the year 1956 •this street was a two lane thoroughfare and at that time the buildings on plaintiff’s property facing Union Street were set back from the edge of the street 21 feet, this open space being used as parking space to accommodate customers of the business establishments located on plaintiff’s property. During the year 1956 Highway No. 80 was widened into a four lane highway at that ■point and 14 feet of plaintiff’s property was incorporated into the highway.
No compensation was paid for the property so taken, the Department of Highways being of the opinion it had already acquired the ownership thereof by dedication. This position, however, was proven incorrect in Michael v. State Through Department of Highways, La.App., 129 So.2d 587 (2nd Cir. 1961) wherein an identical issue of title was raised and decided adversely to the defendant herein.
As of the time of the taking in 1956, the improvements on the subject property consisted of three units or buildings herein referred to as units A, B, and C. Unit A, a frame structure, has a width of 36.30 feet on Union Street and a depth of 72.30 feet. It has been occupied by Mourad’s Grocery. Unit B is adjacent to the west side of the Mourad store with a frontage of 20 feet on Union Street and a depth of 30.30 feet. It was formerly used for a cafe but has been vacant for a number of years. Unit C was intended for use as a service station but as such has long been abandoned. It is located at the corner of Union and Woodward Streets with a concrete slab facing 30.40 feet on Union Street with a depth of 55.50 feet. Adjoining the concrete slab is a small frame and brick structure which at one time served as part of the service station but was later rented for a pressing shop. The evidence discloses that the amount of rent collected on the building was not diminished after the taking of the 14 foot strip. Fire substantially destroyed this building after the institution of this suit.
The judgment under consideration awarded to plaintiff $5,500.00, inclusive of $2,000.00 as the value of the 14 foot strip taken by the defendant. No objection is raised as to the award of $2,000.00, both parties considering this valuation as being fixed in Michael v. State, supra. Appellant, however, argues $3,500.00, as allowed for severance damages to the remainder of the property, is excessive and should be reduced to $2,200.00. The thrust of plaintiffs’ contention is that their property has been deprived of parking facilities as a result of the taking and that they have been left with only 7 feet between the front line of their property on Union Street and the edge of the street.
Plaintiffs’ cause of action, in our opinion, arises under Article 1, Section 2 of the Louisiana Constitution which provides :
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
Considered in a technical sense this action is not an expropriation or appro *668 priation suit although these actions arise under the same constitutional clause. In this suit, as in all actions involving expropriation and appropriation, the measure of damages sustained is the diminution of the market value of the property in question. In Michael v. State, which involved nearby property similarly damaged, this court recognized the rule just stated but approved an allowance for relocation costs as being a proper method of restoring the property to the same value it had prior to the taking.
The appraisers for the land owners estimated severance damages in amounts ranging from $4,700.00 to $7,625.00. Edward Kennon, in fixing damages, at $7,-625.00, rested his conclusion on the cost of acquiring additional land on the rear of the property and moving the Mourad building and cafe to the rear. Percy Frasier limited his estimate to the relocation of the Mourad building and included in his $4,700.00 estimate of damages $1,000.00 for the purchase of a lot to the rear of the property. Mrs. Katie Drew Carey and C. O. Holland calculated the severance damage resulting from the decreased market value of the property at $5,665.00 and $5,020.00 respectively. Experts tendered by defendant estimated severance damages to the remaining property to be $3,000.00, measured by the decreased market value thereof. Mrs. Carey and Holland were of the opinion the reduction in market value is approximately thirty per cent.
In arriving at a conclusion that damages to the property remaining after the taking should be fixed at $3,500.00, the trial judge gave the following reasons:
“Counsel for defendant calculated possible damages to the remainder at some $2,-200.50, using a thirty per cent (30%) loss of value and applying it to the Mourad Store building and service station building only.
“This Court finds that the witnesses for plaintiff gave little or no consideration to the fact that the cafe building had not been used as such and had not been revenue producing since 1939. The filling station building was being used as a pressing shop and had not been used as a filling station for many years.
“Another factor apparently ignored by plaintiffs’ appraisers was the 28.40 foot strip of land located between the filling station building and the cafe building which could be used for limited parking. (Exhibit P-9). It is too narrow at the front, but quite ample in the rear. If the non-revenue producing cafe building was relocated on the property, and P-9 indicates ample room to the rear of the filling station, or was torn down completely, a parking area nearly fifty feet (50) wide and ninety-three feet (93) deep would be available immediately adjacent to the Mourad Store building as well as the filling station building, should plaintiff decide to restore it to use. (This building was partially destroyed by fire in 1962).
“These additional factors being considered, it would appear that plaintiffs’ witnesses estimated the damages to the remaining property, which damages admittedly consisted primarily of loss of parking facilities, higher than they should have been.
“Although no testimony was given for moving the cafe building itself to another part of plaintiffs’ lot or tearing it down, from testimony of Mr. Frasier on the cost of moving the larger store building and the cafe, it would appear that this building might be relocated on the property and fill dirt placed in the low area left for around $1,750.00.”
The trial judge obviously reasoned' that by relocating the buildings and providing suitable parking the property would be more nearly restored to its value as of the time of taking. This method was approved in Michael v. State and under the circumstances indicated in this case the proper measure of plaintiffs’ loss would be met with a lesser payment for damages than if we accepted the testimony given by certain witnesses of diminution in the market *669 value of the property. The award made by the trial court and which we approve is but slightly more than the estimates of damages by defendant’s appraisers.
Counsel for appellant has objected to the taxing of the court costs against the Department of Highways, a state agency, asserting that under the provisions of LSA-R.S. 13:4521 the agency is exempt from the payment of all such costs excepting only “stenographers’ fees for taking testimony.” In cases arising under the due process clause of our Constitution (Article 1, Section 2), supra, particularly with respect to expropriation and appropriation cases, the courts have held-that the exemption does not apply for it would prevent the property owner from receiving “just and adequate compensation.” The question raised appears to have been answered in Westwego Canal and Terminal Company v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389 (1942) and in Bernard v. State of Louisiana, Dept. of Public Works, La.App., 127 So.2d 774 (3rd Cir. 1961) wherein the court declared:
“Appellant further contends that the trial court erred in assessing the Department of Public Works with the costs of plaintiff’s expert witnesses, citing LSA-R.S. 13:4521 as authority for that contention. We do not interpret that section of the Revised Statutes as relieving appellant from the payment of these fees. On the contrary, we are convinced that they should he included as costs and as such must be paid by appellant, since a tender of the true value of the property appropriated was not made prior to the taking. LSA-R.S. 19:12; State, Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869; State, Through Department of Highways v. Rownd, La.App. Orleans, 119 So.2d 282.” [127 So.2d 774, 780]
For the reasons herein stated the judgment from which appealed is affirmed at appellants’ cost.