HARDY, Judge.
This suit involves the fixing of value of property taken and damaged as the result of expropriation by plaintiff. From judgment in favor of defendant in the principal sum of $13,599.00, subject to a credit of the sum of $6,750.00 tendered and deposited by plaintiff, it has appealed.
Defendant was the owner of property on which he operated a grocery store, filling station and cafe business. In the course of construction of Louisiana Highway No. 34 between Monroe and Jonesboro plaintiff expropriated a strip of land along the front of defendant’s property and a one-story frame building on a concrete slab within the right-of-way. Plaintiff deposited the sum of $6,750.00 representing the value of the land and the grocery store-filling station building, which valuation is not contested by defendant. The issues presented by this appeal relate to the claims of defendant with respect to severance damages and the value of underground gasoline storage tanks.
The claim for severance damages rests upon the contention that the building which housed the defendant’s cafe operation, and which was not located within the right-of-way, was, nevertheless, so damaged by the taking of the strip along the front of defendant’s property, which eliminated the front parking space, and by the taking of *755 the grocery store and filling station building, as would have rendered it useless.
The pertinent facts established on trial disclose that defendant operated a joint enterprise which embraced a grocery store, a filling station and a cafe. The cafe building was actually separated by a distance of approximately two feet from the grocery store-filling station building. Material to defendant’s contention is the claim, established by the testimony on trial, that his business constituted a unit enterprise, each operation being dependent upon the others for its success. Implicit in this contention is the conclusion that the cafe cannot be successfully and properly operated in the absence of the other businesses with which it was unitized.
We think it appropriate to observe that if the cafe business had been conducted in the same building as the grocery store and filling station enterprise, there would be no question as to defendant’s right to recovery based upon the value of the entire structure. We seriously question, as a matter of practicality as well as equity, whether the minimal physical separation of the two buildings by a distance of two feet should adversely affect defendant’s claims. However, we prefer to support our conclusions upon other grounds.
 We have no quarrel with plaintiff’s arguments that mere consequential injuries are not compensable, which proposition is amply supported by our jurisprudence. However, we are not confronted in this case with consequential injuries but with fundamental damage resulting from an expropriation, for which damage defendant is entitled to be compensated under the guaranteed protection of our Constitution. In our opinion, defendant’s right to recovery is governed by the principle that the taking of a portion of property which completely destroys the continued operation of a unitized facility entitles the owner to damages based upon the loss of the whole; State of Louisiana, through the Department of Highways, v. Ouachita Parish School Board (La.App. 2nd Cir., 1964, writs denied), 162 So.2d 397; Dow v. Department of Highways (La.App. 2nd Cir., 1965), 179 So.2d 666.
The record in this case amply supports the conclusion that defendant’s damage is not the result of consequential injuries in the nature of inconvenience, disturbance, loss of business, etc., but represents the complete and effective loss of a business unit, the related and component parts of which cannot be separated.
 The second issue relating to the allowance of the value of underground gasoline tanks requires a determination as to whether these tanks should be considered to be movables or immovables. The evidence shows that in connection with the filling station operation conducted by defendant, he had purchased and placed underground four 3,000 gallon and two 550 gallon gasoline tanks which were connected to and supplied the filling station pumps. This observation is important because it establishes the fact that it was the owner of the real estate, who purchased and caused to be attached thereto, by burying in the ground and by connections with other appliances, the tanks which became devoted to the service and improvement of the real estate. R.C.C. Article 468 clearly defines immova-bles by destination as being things which the owner of a tract of land has placed upon it for its service and improvement. This definition was repeated and elaborated in the opinion of this court in Monroe Automobile & Supply Company v. Cole (2nd Cir., 1927), 6 La.App. 337. The cited case involved gasoline tanks which were embedded in and physically annexed to the soil with concrete. Under the Codal Article we think it is unimportant whether they are laid in or overlaid with concrete. The determination of their nature as immovables rests upon their placement by the owner for the service and improvement of the land. It was pointed out by the court in its opinion in the Cole case that the tanks were placed in the ground and were attached for use in *756 connection with the operation of a filling station.
The distinction with reference to owners was pointed out in the majority opinion of this court in Edwards v. S. & R. Gas Company, Inc. (La.App. 2nd Cir., 1954), 73 So.2d 590. The opinion in the cited case enumerated the elements requisite to an immovable by destination as being: (1) an accessory to the property; (2) employed in the service of such property; and (3) placed thereon by one who owned both the property and the accessory.
In support of the contention that gasoline tanks which are not imbedded in concrete or permanently fixed in place are movables, counsel for plaintiff cites State, through Department of Highways v. Johnson (La.App. 3rd Cir., 1964), 168 So.2d 389, and State, through Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6. We do not find either of the cited authorities to be applicable. In the Johnson case the court did not hold that the gasoline tanks constituted movables but observed in its opinion that the intervenor conceded that the property, including the gasoline storage tanks, consisted of movables. The Hayward case was exclusively concerned with the issue of compensation with reference to deposits of river sand on the property expropriated, and we can find no relationship whatsoever to the issue under consideration in the instant case.
We note the contention made by counsel for plaintiff that defendant was at liberty to dig up and dispose of the storage tanks. In this connection, counsel makes the observation that “ * * * the evidence discloses that he actually disposed of two . (2) 550 gallon tanks within the right-of-way * * We think this observation represents an inadvertent error on the part of counsel. Upon examination of the record we have been unable to find any such evidence, and, on the contrary, defendant testified that he had made no effort to sell the underground tanks in view of his belief that he would be reimbursed for their value.
Finally, we are unable to find any error in the valuation fixed by the district judge of $4,500.00, representing severance damage, and $2,349.00, representing the depreciated value of the gasoline storage tanks, both of which amounts are adequately supported by the testimony.
For the reasons assigned the judgment appealed from is affirmed.