194 So.2d 144 (1966)
STATE of Louisiana THROUGH the DEPARTMENT OF HIGHWAYS
v.
Joseph B. TERRY.
No. 6811.
Court of Appeal of Louisiana, First Circuit.
December 28, 1966.
Rehearing Denied February 6, 1967.
*145 Ben C. Norgress, Philip K. Jones, D. Ross Banister and Glenn S. Darsey, Baton Rouge, for appellant.
Joseph D. Lupo, Independence, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
ELLIS, Judge.
This is an expropriation suit, in which the state is taking 0.14 acres of defendant's 160 acre tract in the north end of Tangipahoa Parish. The taking is for Interstate Highway 55 which is a limited access highway. There is no dispute as to the value of the parcel taken, which is accepted by all parties to be $130.00. Neither is there any dispute as to the fact that there are no severance damages as a result of the taking of the said parcel. However, the defendant claims a diminution in the value of his property because of loss of access thereto.
It appears from the record that the defendant formerly had access to his property over a gravel road, maintained by Tangipahoa Parish and known as the Greenlaw road. However, his property does not abut on the Greenlaw road at the point of the taking above described. As a result of the use of the Greenlaw road being prohibited by the presence of the Interstate Highway, it has become necessary for defendant to travel about three and a half miles further to arrive at Kentwood, Louisiana, which is the town nearest to his property. Part of this distance is over a service road provided by the Department of Highways in connection with the Interstate project, and the remainder over various other parish roads. It appears from the record that these parish roads are occasionally subject to being blocked in times of heavy rain by flooding of certain branches or creeks which they traverse. Witnesses to the case testified that this would happen on more than one occasion each year.
*146 The trial court awarded, in addition to the $130.00 for the 0.14 acres taken, the sum of $10,000.00 for loss of value because of the loss of the use of the Greenlaw road. From such judgment, the plaintiff has prosecuted this appeal.
If a diminution in value of property caused by loss of access which results from a taking elsewhere than on subject property is compensible, an award would have to be made in this case. There is little doubt from the testimony of the experts, although they vary considerably in amount, that there has been a diminution in the value of the property as a result of the denial of access via the Greenlaw road.
The basis for such a claim arises from Article I, Section 2 of the Constitution of 1921, which provides, in part as follows:
"Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid."
It is obvious that this case must be considered under the "or damaged" provision of the above article. As pointed out above, there were no severance damages as a result of the taking of the 0.14 acre, and the loss of access resulted from a taking of the property of a third person at a point some distance from defendant's property line. Therefore, in this case, the defendant must be considered as a non-abutting land owner.
It is not correct, as contended by the Department of Highways, that a non-abutting land owner has no right to compensation if his property is damaged by the construction of public works. That the converse is true is made amply clear in the leading cases of McMahon & Perrin v. St. Louis, Arkansas & Texas Railroad Company, 41 La.Ann. 827, 6 So. 640 (1889); Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354 (1939); and City of Chicago v. Taylor, 125 U.S. 161, 8 S.Ct. 820, 31 L.Ed. 638 (1888).
In the case of Jarnagin v. Louisiana Highway Commission, 5 So.2d 660 (La.App. 1942), in discussing the above authorities, the court had this to say:
"We are of the opinion that a physical invasion of real property or of a real right is not indispensable to the infliction of damages within the meaning of the constitutional guaranty under discussion. If the public improvement, as a consequential effect, has caused special damage to property, such as is not sustained by the public or the neighborhood generally, whether it abuts the improvement or not, an action lies to recover. This is true although the improvement be made by an agency having lawful authority so to do. This principle is definitely recognized in the McMahon & Perrin and Harrison cases, supra, also in City of Chicago v. Taylor.
"However, as clearly reflected from the two Louisiana cases, proof of consequential damages must be clear, strong and convincing. The measure of such damages is the extent of diminution in market and rental value of the property or properties affected. The strictness of the rule regarding sufficiency of proof in such cases is emphasized in the Harrison case."
Defendant therefore bears the burden of proving not only that his property was damaged by the public project, but that the damages suffered by his property were special and not such as were suffered by the public generally or by properties similarly situated.
In applying this principle of law in the past, the courts of this state have awarded damages in such cases. In the case of Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218 (1958), in which access to plaintiff's property was limited by an underpass in front of it, an award was made because of the peculiar location of the subject property with reference to the underpass. However, the total loss of *147 value found by the experts was $14,500.00 and the court attributed $3000.00 to special damages not sustained in common with other properties in the neighborhood.
In this case, the defendant owns the only tract of land situated west of Interstate Highway 55 which is serviced by the Greenlaw road. There are no other persons in the neighborhood who are forced to use the circuitous route defendant must use in order to reach the nearest urban center. There is no testimony in the record to indicate that any other landowners in the vicinity have suffered a diminution in the value of their property by virtue of difficulty of access thereto.
Before the location of the highway, the Terry property had the most advantageous location in the vicinity. After the taking, it is located equidistant from the two nearest interchanges, and has the least advantageous location insofar as access is concerned. We find that because of the peculiar circumstances surrounding the location of Mr. Terry's property, the diminution in value which was suffered by his property as a result of loss of access is compensable.
The experts who testified relative to the diminution in value of the property were Chester A. Driggers for the State and Robert McClendon for the defendant. Mr. Driggers found the diminution in value to be $5500.00, and Mr. McClendon placed it at $27,000.00. However, Mr. McClendon considered increased business expenses in arriving at his figure. This latter item is not compensable as pointed out in the Harrison and Jarnagin cases, supra.
We find that the record supports Mr. Driggers' estimate of the diminution in value of the property, and feel that an award in that amount would adequately compensate Mr. Terry for the damage suffered by his property as a result of the location of the highway.
Accordingly, the judgment of the district court is amended by reducing the amount thereof from $10,130.00 to $5630.00 and as amended, it is affirmed.
Amended and affirmed.