GLADNEY, Judge.
The question involved on this appeal is one of just compensation to which appel-lees are entitled by reason of expropriation of their property near West Monroe, Louisiana for the purpose of constructing a portion of the Interstate Highway System. Although suit was filed on June 29, 1961 the case was not tried on its merits until January 17, 1967. After trial the court made a total award of $17,917.00 which included the sum of $15,567.00 for severance damage. Aggrieved by the judgment plaintiff Department of Highways has appealed contending that the award is excessive and that the allowance for severance damage should be reduced to $1,597.00.
One of the defendants, Emile P. Bernelle, in 1959 acquired seven lots in Square 13 of J. F. Heard’s First Addition to the City of West Monroe, being Lots numbered 3 to 9, inclusive, each of which was 50' X 143'. The property had access to Stella, 10th, 9th and Wilson Streets. Portions of Lots 7, 8 and 9, which fronted on Stella Street, were expropriated and this action resulted in restricting access to the property to the entrance on Wilson Street, and-reduced the parking area of the property by 11,137.7 square feet. The property left contained approximately 25,000 square feet in area. No improvements were located on the property taken. A building had been erected on the remainder of the property by Bernelle in 1959 at a cost of $25,-000 which he has used in his business as a repair shop for heavy equipment and trucks.
Appellant in presenting its case to this court concedes the trial court’s award of $2,350.00 as the market value of the land expropriated is correct. Thus its objection to the award is limited to a proper determination of the severance damage.
The Department of Highways produced as its expert witnesses R. H. Gochenour and Wayne Medley, and the defendants used Robert Sims and Gilbert Faulk as their appraisers. The value of the , improvements before the taking was fixed at $20,667.00 by agreement. Gochenour and Medley fixed the severance damage to the remainder of appellees’ property at $1,597.00 and $1,125.00 respectively, whereas Sims reached a determination of $15,-769.00 for said damage and Gilbert Faulk fixed the amount at $15,567.00. As noted by the trial court in its reasons for judgment, the appraisers for appellant testified their appraisals were based on values as of the date of taking. Further, it is noted these appraisers were of the opinion that the highest and best use of the property was for low cost residential or tenant housing application before and after the taking. The appraisers who testified on behalf of appellees determined their valuations of the property, both as to the property taken and severance damage to the remainder, as of the date of the trial, and it was their opinion that the highest and best use of the property was for commercial purposes. The trial court agreec} with Sims and Faulk that the facts in evidence disclosed the highest and best use of the property was for commercial purposes and made the following comment:
“ * * * Mr. Bernelle assembled the seven lots for the particular purpose of *779 building and operating a garage repair business for trucks and heavy equipment. The very nature of this type business requires ample space for the parking of vehicles before and after being repaired. Aft-erwards the Highway Department took over one-half of the vital parking space and shut off all effective means of access. Such loss of access, as well as the loss of parking area, has been recognized as a critical factor in the evaluation of consequential damages done to the property by a partial taking. * * * ”
Bernelle testified that from the time access to his property was closed by construction of the project during July of 1963 his sales were reduced from $32,000 in 1962 to $6,000 in 1966, and his employees dropped from six to two. This was accepted by the court as relevant and indicative of the loss of the highest and best use as commercial property.
Plaintiff’s argument that mere consequential injuries such as loss of business are not compensable is amply supported by judicial authority which we readily accept. However, the legal contention is without instant application for defendants’ right of recovery herein must be governed by the principle that the taking of a portion of the property which destroys the continued operation of a unitized facility entitles the owner to damages based upon the loss of the whole. Article 1 § 2 Louisiana Constitution 1921; State of Louisiana, Through Department of Highways v. Ouachita Parish School Board, La.App., 162 So.2d 397 (2nd Cir. 1964, writs denied); Dow v. Department of Highways, La.App., 179 So.2d 666 (2nd Cir. 1965); State, Through Department of Highways v. Thompson, La.App., 188 So.2d 753 (2nd Cir. 1966).
Appellees take the position that the taking of a portion of the Bernelle property destroyed the value of the entire property because it deprived the unitized property as commercial property of its highest and best use which was for a truck repair facility, of both the parking area essential to that use and three out of four ways of access for egress and ingress to the property.
Our courts have repeatedly recognized that loss of parking area may be considered in determining severance damage. Dow v. Department of Highways, supra; State, Through Department of Highways v. Thompson, supra.
Likewise it has been recognized that loss of access is a critical factor in the evaluation of damage to a property caused by a partial taking. State, Through Department of Highways v. Thompson, supra; State, Through Department of Highways v. Reuter, La.App., 175 So.2d 316 (4th Cir. 1965); State, Through Department of Highways v. O’Neal, La.App., 149 So.2d 421 (3rd Cir. 1963); and Cucurullo v. City of New Orleans, 229 La. 463, 86 So.2d 103 (1956).
The determination of severance damages made as of the date of trial by the trial court is consistent with our ruling in State, Department of Highways v. Shelton, La.App., 192 So.2d 161 (2nd Cir.1966) and LSA-R.S. 48:453. The trial judge accepted the testimony of values as fixed by Sims and Faulk which was predicated on the destruction of the remainder of the property for commercial purposes and fixed the value of severance damages at the sum of $15,567.00. Bernelle has been left with a small isolated tract with restricted access and limited parking facilities. The building is of limited marketability and of doubtful utility except as a warehouse or storage facility.
The amount of severance damages awarded is amply supported by the evidence, and we find no error in the decision of the trial court. Accordingly, the judgment which appealed is affirmed at appellant’s cost.