556 So.2d 1343 (1990)
Rick Boyd BOWDEN, Plaintiff-Appellee,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 88-991.
Court of Appeal of Louisiana, Third Circuit.
February 7, 1990.
Rehearing Denied March 13, 1990.
*1344 Watson, Murchison, Crews, Arthur & Corkern, Daniel T. Murchison, Natchitoches, for plaintiff/appellee.
Bertrand & Soileau, Ronald J. Bertrand, Rayne, for defendant/appellant.
Before GUIDRY, STOKER and YELVERTON, JJ.
STOKER, Judge.
This is an appeal by the State, DOTD, from judgments in three consolidated inverse condemnation suits in favor of plaintiffs.[1] Plaintiffs claim that the construction of I-49 north of their properties cut off their access to the King's Hill Road (a parish road) by severing the Butler-Bowden Road (an all-weather dirt road), which ran from their properties to King's Hill Road, causing them to become landlocked. The trial court awarded damages to each plaintiff for loss of access to their property.
The State, DOTD, appeals contending (1) that the State does not owe damages to a property owner for loss of access to a public road if the landowner's property does not abut that public road, (2) and contending that where no land is expropriated from a landowner and a new highway project removes his access to a public road, he is not entitled to recover from the State for the reduction in value to his property if the neighboring landowners are similarly affected. The State, DOTD, has not appealed the amount of damages awarded.

ABUTMENT
The State, DOTD, is correct in contending that the tracts owned by plaintiffs herein do not abut on a public road. It is clear from the maps introduced into evidence that the Butler-Bowden Road did not reach any of the tracts involved herein. See Appendix 1. Plaintiffs testified that they reached their properties, after driving down the Butler-Bowden Road, by means of other dirt roads which intersected the Butler-Bowden Road and crossed through adjoining tracts. The evidence disclosed that the Butler-Bowden Road and its adjoining dirt roads constituted plaintiffs' only access to their properties. There is no evidence of conventional servitudes of right of way across the neighboring tracts. However, an estate is not enclosed if it has access to a public road by means of a precarious right of way resting on the sufferance of neighbors. Yiannopoulos, Louisiana Civil Law Treatise: Predial Servitudes, § 93 at page 275 (1983).
As we see the matter, plaintiffs' rights to recover do not rest on the classification of the Butler-Bowden Road as a public road. The reason is that, assuming that the Butler-Bowden Road was a public road (as the trial court appears to have held), the plaintiffs had to leave that road and cross property of others by means of various dirt roads. Consequently, at least as to these feeder dirt roads, the plaintiffs' right of access prior to the construction of I-49 depended either on conventional servitudes or a precarious right of way resting on the sufferance of the landowners through whose lands plaintiff had to pass.
The Louisiana Civil Law Treatise referred to above contains the following statement made on the authority of Robinson v. Herring, 20 So.2d 811 (La.App. 2d Cir. 1944):
"An estate is not enclosed if it has access to a public road by means of a conventional servitude of right of way or even by means of precarious right of way resting on the sufferance of neighbors. In a leading decision, the court found that the owner of an estate had access to a highway by sufferance of neighboring landowners and held that as long as this road is `open to plaintiff's *1345 use he is not in a position legally to demand a servitude of passage to the highway across the land of others.' The precarious right of way, however, must be sufficient for vehicular traffic throughout the year." (Citations omitted)
From the foregoing we consider immaterial the question of whether the Butler-Bowden Road was in fact a public road. The evidence established that the plaintiffs formerly used that road and the feeder roads to reach their property, and that traversing non-owned properties was done by sufferance at least. On the matter of sufferance the Court of Appeal had this to say in Robinson v. Herring, supra:
"It is true that plaintiff's use of the road that leads northeasterly from his property to the highway is by sufferance of the owners of the land across which the road goes, but it is a way to the highway, and so long as it is open to plaintiff's use he is not in a position legally to demand a servitude of passage to the highway across the lands of others. When, and if, he is denied the use of this route to the highway, he may then avail himself of the beneficent provisions of the law, which guarantee an enclosed land owner access to the nearest highway."
A situation similar to the one before us now was presented to this court in State, DOTD v. Semp Russ Plantations, 529 So.2d 487 (La.App. 3d Cir.1988), in which access to one of defendant's tracts was cut off by the severance of the Butler-Bowden Road by I-49. No part of the tract was taken. We held that the necessity for securing a servitude in a different location, even though no conventional servitude existed before, affected the market value of the tract and was therefore a compensable consequential damage. See also State through Dept. of Hwys. v. A. Wilbert's Sons Lumber and Shingle Co., 346 So.2d 842 (La.App. 1st Cir.), writ denied, 349 So.2d 1267 (La.1977); State, Dept. of Transp. & Dev. v. Taylor, 461 So.2d 1282 (La.App. 3d Cir.), writ denied, 464 So.2d 1382, 1383 (La.1985).
Admittedly the issue we discuss above relative to the case before us is broader than the issue in the Semp Russ Plantations case. As we appreciate the facts, the Butler-Bowden Road ran to the Semp Russ property and no issue was raised as to whether the Butler-Bowden Road was a public road.
The State, DOTD, cites three cases to support its contention that, as a condition for recovery of damages in inverse condemnation for loss of access, the property must abut a public highway.[2] However, each of these cases involved an expropriation for which the owner sued for damages for impairment of access, rather than an inverse condemnation proceeding.
We do not believe that abutment on a public road is a necessary prerequisite to recovery in inverse condemnation. What the State has done in its argument is to impart more to the language of cases relating to actual abutment of the affected properties than is justified. The State urges that the principles of law stated in the jurisprudence concerning abutting properties exclude application of those principles to properties which do not abut directly on the highway improvement undertaken by the State or other governing authority. The State's interpretation of the language of the cases in question does not follow and we reject that interpretation.
The initial case in which the abutment language arose was Jones Island Realty Co., Inc. v. Middendorf, 191 La. 456, 185 So. 881 (1939), which involved impairment of plaintiff's access by an adjoining landowner who constructed a building on that part of his land which had been dedicated to the State Highway Commission for highway purposes. In awarding damages to plaintiff, the court quoted 29 Corpus Juris § 263 at 547 in setting forth an abutting property owner's access rights to a highway with which defendant had interfered. Therefore, the "abutment language" stems *1346 from the Corpus Juris. Subsequently, in State ex rel. Gebelin v. Dept. of Highways, 200 La. 409, 8 So.2d 71 (1942), the court discussed the right of easement due an abutting owner on a highway and quoted the Corpus Juris language set forth in Jones Island Realty Co., Inc. as well as the language set forth in 25 Am.Jur. § 154 at 448 and several common law cases. Therefore, although these cases discussed the property rights of abutting landowners, abutment was never an enunciated prerequisite in these cases for recovery of consequential damages under Louisiana law.
Later cases which endorse the award of damages to non-abutting property owners are State, through Dept. of Hwys. v. Terry, 194 So.2d 144 (La.App. 1st Cir.1966); Boudreaux v. Landry, 120 So.2d 535 (La. App. 1st Cir.1960); Jarnagin v. Louisiana Highway Com'n, 5 So.2d 660 (La.App. 2d Cir.1942). The issue was specifically addressed by the court in Terry as follows:
"It is not correct, as contended by the Department of Highways, that a non-abutting land owner has no right to compensation if his property is damaged by the construction of public works. That the converse is true is made amply clear in the leading cases of McMahon & Perrin v. St. Louis, Arkansas & Texas Railroad Company, 41 La.Ann. 827, 6 So. 640 (1889); Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354 (1939); and City of Chicago v. Taylor, 125 U.S. 161, 8 S.Ct. 820, 31 L.Ed. 638 (1888).
"In the case of Jarnagin v. Louisiana Highway Commission, 5 So.2d 660 (La. App.1942), in discussing the above authorities, the court had this to say:
"`We are of the opinion that a physical invasion of real property or of real right is not indispensable to the infliction of damages within the meaning of the constitutional guaranty under discussion. If the public improvement, as a consequential effect, has caused special damage to property, such as is not sustained by the public or the neighborhood generally, whether it abuts the improvement or not, an action lies to recover. This is true although the improvement be made by an agency having lawful authority so to do.
This principle is definitely recognized in the McMahon & Perrin and Harrison cases, supra, also in City of Chicago v. Taylor.
"`However, as clearly reflected from the two Louisiana cases, proof of consequential damages must be clear, strong and convincing. The measure of such damages is the extent of diminution in market and rental value of the property or properties affected. The strictness of the rule regarding sufficiency of proof in such cases is emphasized in the Harrison case.'" 194 So.2d at 146.
Therefore, we hold that abutment on a public road is not necessary in order to recover damages for loss of access to a public road.

SPECIAL AND PARTICULAR DAMAGES
The State, DOTD, contends in its second assignment of error that plaintiffs are not entitled to recover damages in inverse condemnation for loss of access. The State, DOTD, argues that the loss of access is not a particular and special damage to any one property but rather is an inconvenience suffered by the general neighborhood.
The law pertinent to damages resulting to property absent an actual taking is set forth in Department of Highways v. Capone, 298 So.2d 94 (La.App. 1st Cir. 1974), as follows:
"Our jurisprudence is settled to the effect that, even absent an actual taking, damages resulting to property from the construction of public improvements are compensable when such damages are special or peculiar to one's property in particular, and are not general damages sustained by other properties similarly situated. Reymond v. State, Through the Department of Highways, 255 La. 425, 231 So.2d 375, and authorities therein cited.
"When there is no taking, damages which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement, are not compensable, but are held to be damnum absque injuria. Reymond, above.

*1347 "In the absence of taking, substantial impairment of ingress, when special and peculiar to claimant's property, entitles an owner to compensation. Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219; Patin, et al. v. City of New Orleans, et al., 223 La. 703, 66 So.2d 616; Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612."
See also, State, Dept. of Hwys. v. Garrick, 260 La. 340, 256 So.2d 111 (1971); Skye Realty Co. v. State, Dept of Hwys., 345 So.2d 249 (La.App. 3d Cir.1977).
In Hebert v. State, Dept. of Hwys., 238 So.2d 372, 375 (La.App. 3d Cir.), writ denied, 256 La. 911, 240 So.2d 373 (1970), this court stated that there is special damage to property where the highway in front of property is discontinued or obstructed so that access to the property is made impossible. See also, Efurd v. City of Shreveport, 235 La. 555, 105 So.2d 219 (1958); Cucurullo v. City of New Orleans, 229 La. 463, 86 So.2d 103 (1956); State, DOTD v. Semp Russ Plantations, 529 So.2d 487 (La.App. 3d Cir.1988).
The State, DOTD has cited several cases in which damages were disallowed for impairment of access which caused inconvenience to the property owners because most property in the neighborhood was similarly affected. In none of those cases was there a complete loss of access, as there is in the case before us. Plaintiffs' access to a public road was completely obstructed by I-49. Therefore, plaintiffs have each sustained special compensable damages.

CONCLUSION
Accordingly, for the reasons given, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.
*1348 
NOTES
[1] The two other appeals, to which this opinion also applies, are Steadman v. State of Louisiana, Department of Transportation & Development, 556 So.2d 1348 (La.App. 3d Cir.1990), of this court, and McArthur v. State of Louisiana, Department of Transportation & Development, 556 So.2d 1349 (La.App. 3d Cir.1990), of this court. Separate opinions are rendered in each of these appeals.
[2] Dickie Sportsman's Centers v. D.O.T.D., ___ So.2d ___ (La.App. 1st Cir.), writ denied, 478 So.2d 530 (La.1985); Mills v. State, Dept. of Hwys., 416 So.2d 957 (La.App. 2d Cir.), writ denied, 420 So.2d 173 (La.1982); State, Dept. of Hwys. v. Smith, 272 So.2d 746 (La.App. 3d Cir. 1972), writ denied, 272 So.2d 696 (La.1973).