SAVOY, Judge.
The State of Louisiana, through the Department of Highways, filed suit under the provisions of LSA-R.S. 48:441-460 to expropriate for highway purposes a strip of land belonging to defendant, and containing an area of 1,377 square feet, located on U. S. Highway 167 in the Village of Turkey Creek in the Parish of Evangeline, Louisiana. Plaintiff deposited the sum of $1,155.00 in the Registry of the court; $55.00 being compensation to defendant for the property taken, and $1,100.00 for severance damages to the remainder of defendant’s property.
*398 After a trial in the district court, the trial judge awarded defendant $349.00 for the land expropriated, and $3,342.00 as severance damages, subject to a credit of $1,155.00 previously deposited by plaintiff. From that judgment plaintiff appealed to this Court.
The experts used in the instant case are the same ones used in State of Louisiana, through Department of Highways v. Johnson et ux., 168 So.2d 389, decided by this Court on the 27th day of October, 1964.
The experts for plaintiff valued the property on an acreage basis whereas those for defendant based their values on a lot basis. In the Johnson case, supra, we held that the property should have been appraised on a lot basis rather than on an acreage basis. An examination of the right-of-way maps introduced by plaintiff shows the instant property to be in close proximity of the Levi Johnson property, and that the lower court correctly valued said property on a lot basis. Approximately i/S of a lot was expropriated. Defendant’s experts placed a value in excess of $1,700.00 on the whole of said lot. We conclude that the value of $349.00 placed on the property expropriated is neither inadequate nor excessive.
The most serious dispute between the parties is the amount of severance damages defendant is entitled to receive because of the expropriation of the above tract on the remainder of his property affected by but not taken in this proceeding.
The record reveals that the building on a portion of the lot is built of concrete blocks ■ and consists of approximately 700 square feet; that prior to the institution of this suit, the property was commercial in nature, being used as a filling station, restaurant and for the sale of beer. After the suit was filed, the tanks were removed. At the time of the trial, the restaurant and beer operations were had on the premises.
Severance damages allowable as a result of the expropriation is the difference between the market value of the property immediately before and immediately after the taking. State through Dept. of Highways v. Gani (La.App., 3 Cir., 1962), 138 So.2d 683, cert. den., and cases cited therein.
Plaintiff’s experts conceded that the remainder of defendant’s property had suffered severance damages, but they fixed the damages much lower than did the experts for defendant.
The value of the building before depreciation was fixed by the experts for plaintiff and defendant at approximately $6.00 per square foot. The main difference in the severance damages is that defendant’s experts said the building would have no value after the taking, whereas plaintiff’s experts depreciated the building 50% and then fixed the severance damages on a loss of rental basis.
The opinion of defendant’s experts was predicated on the fact that because of the taking there would not be sufficient parking in front of the building for customers, thereby rendering the property useless for commercial purposes. There was some evidence in the record that patrons could park on the north and south sides of the building.
Plaintiff’s experts placed a value of approximately $4,200.00 on the building and then depreciated it 50% on the theory that it was ten years old. They then used the loss of rental in computating the severance damages, namely $10.00 per month for 110 months, or $1,100.00.
Considering that defendant had to remove his gasoline tanks and is deprived of highway or parking on the west side of the building, together with the meager parking facilities to the north and south of the building, this Court is of the opinion that the severance damages to the remainder of the property are 75% of *399 $2,100.00, or $1,575.00. See State through Dept. of Highways v. Bourg (La.App., 1 Cir., 1961), 135 So.2d 600, cert. den.
For the reasons assigned, the judgment of the lower court is amended by reducing the total award to defendant to the sum of $1,924.00, subject to a credit of $1,155.00 which was deposited by the State at the time of the taking, and as amended, is affirmed. Plaintiff to pay all costs of this appeal.
Amended and affirmed.