CULPEPPER, Judge.
Acting under the provisions of LSA-R.S. 48 ¡441-460, the plaintiff expropriated a narrow strip of land across the front of defendant’s property for the purpose of widening an existing highway right of way. The State deposited $1,675 as just compensation to the landowner, of which amount $705 was for the value of the land taken and $970 was for consequential damages to the remaining land and improvements. After a trial on the merits the district judge in *400 creased the amount of the just compensation to $19,701.33. The State appealed.
There is very little dispute as to the value of the narrow strip of land taken, which contained only one-third of an acre, and for which item the district judge allowed $333.-33. The principal issue is the amount of severance damages to the remaining lands and improvements not taken.
The jurisprudence of this State is well established that the severance damage to land and improvements not taken is the difference between the market value of the property immediately before and immediately after the expropriation. Texas Pipeline Co. v. Barbe, 229 La. 191, 85 So.2d 260; State Through Department of Highways v. Central Realty Investment Co., 238 La. 965, 117 So.2d 261; State Through Department of Highways v. Gani, La.App., 138 So.2d 683 (3rd Cir. 1962).
The facts show that defendant owns a residence and an adjacent commercial building located on a five acre tract of land fronting a blacktop highway in a rural area near Turkey Creek, Louisiana. The commercial building has been used by the defendant as a general store and service station with two gasoline pumps in front. The gasoline pumps and storage tanks were within the strip taken and had to be removed. Before the taking of the additional strip of right of way, there was adequate space in front of the store building for customer parking. After the taking the residence is only five to seven feet, and the store building only four to eight feet, from the new right of way line. Both buildings will be a considerable distance from the paved portion of the new highway, but there will not be sufficient off-right of way parking in front for customers of the store or service station.
There is little dispute as to the value of the buildings before the taking. The State’s appraisers estimated the value of the residence at $6,538 and the value of the store building and appurtenances at $14,126. The defendant’s appraisers estimated the value of the residence at $5,376 and the value of the store building and adjoining store room at $14,392.
However, there is a great difference of opinion between plaintiff’s and defendant’s appraisers as to the market value of these buildings after the taking of the new right of way. The State’s appraisers estimated that the residence would suffer a 15% dimunition in value, i. e., the sum of $970, which is coincidentally also their estimate of the approximate cost of moving the residence farther back from the new right of way line. The State’s appraisers did not allow any amount whatsoever for dimunition in value of the commercial building.
On the other hand, the defendant’s appraisers were of the opinion that after the taking the residence would have only salvage value in the amount of $500 and that the commercial building, being of concrete block construction, on a cement slab, could not be moved and would be of no value whatsoever without room for parking in front of the building.
We are unable to reconcile these widely divergent opinions. We think that reason and logic require that we accept certain portions and reject certain portions of each.
Addressing ourselves first to the residence, we note that it is of frame construction and could be moved farther back from the new right of way line if a prospective purchaser so desired. The State’s estimate of 15% loss of value, which is coincidentally about the same as the cost of moving the building back, seems a fair measure of dimunition in value under the circumstances. A somewhat similar situation was presented in State Through Department of Highways v. Bourg, La.App., 135 So.2d 600 (1st Cir. 1961) where a house was left only eight feet from the new right of way line and the court held it was diminished in value by about 10%. Also, in the very recent case of State Through Dept. of Highways v. Johnson, La.App., 168 So.2d 389 (3rd Cir. 1964) a residence was left 17 *401 feet from the new highway right of way and we allowed 10% dimunition in its value.
However, we think the commercial building has suffered a considerable loss in value by reason of the loss of adequate parking space in front adjacent to the highway. Undoubtedly the loss of such parking in front will reduce the value of this building as a country store and virtually destroy its value as a gasoline service station. It would be most disadvantageous to place new pumps on either side of the building, even if such space were available.
But, even though the loss of sufficient parking space in front of the commercial building will seriously diminish its value, we cannot agree with defendant’s appraisers that it will be a total loss. Under the circumstances we are constrained to follow our holdings in two similar recent cases. State Through Dept. of Highways v. Johnson, La.App., 168 So.2d 389 and State v. Randolph, La.App., 170 So.2d 397, both involved rural commercial buildings which were used partially as gasoline service stations. As a result of the takings of additional highway rights of way, they were left without sufficient parking space in front and the buildings could not be moved. In both cases we allowed 75% of the value of the buildings as the amount of dimunition in value resulting from the taking. These properties are in the same area and are of the same general type as the property involved here. We think a similar award for damages to the commercial building should be made in this case.
To summarize, we think defendant is entitled to compensation as follows:
For value of the land taken 333.00
Severance damages to residence - 970.00
Severance damages to the commercial building (75% of $14,126)_ 10,594.50
$11,897.83
For the reasons assigned, the judgment of the district court is amended by reducing the total award from $19,701.33 to the sum of $11,897.83, subject to a credit of $1,675 which was deposited by the State at the time of the taking. Otherwise than as herein amended, the judgment appealed is affirmed.
Amended and affirmed.