HOOD, Judge.
On June 21, 1963, the State of Louisiana, through the Department of Highways, expropriated for highway purposes portions of two tracts of land owned by the defendant, Edward C. Breedlove. It deposited $7,070.00 in the registry of the court as its original estimate of just compensation for the property taken and for severance damages. The defendant answered, demanding a trial under LSA-R.S. 48:451 to determine the just and adequate compensation to which he is entitled, and after trial judgment was rendered by the trial court awarding him $15,778.00, subject to a credit for the amount deposited. Plaintiff has appealed, contending that the award should be reduced. The defendant has answered the appeal, praying that the amount of the award be increased.
One of the tracts affected by this expropriation is designated as Tract No. 1, or as the “homesite property.” It is located about one and one-half miles west of the City of Natchitoches, on the north side of and abutting a blacktopped state highway. Prior to the taking it consisted of 18 acres. The part of the homesite property which is being expropriated comprises 1.1 acres, or 47,916 square feet, being the south portion of this tract, the property taken having a frontage of 670 feet on the highway by a depth of about 70 or 80 feet.
The other tract of land affected by this expropriation is designated as Tract No. 2, or as the “rental property”. It is located east of, but not adjacent to, the homesite property, on the north side of the same highway, having a frontage of 82 feet on that highway by a depth of 250 feet. The portion of the rental property taken by plaintiff comprises 0.1 acre, and it includes the entire frontage of that property on the highway to a depth of about 20 or 30 feet.
The issues presented on this appeal relate to the value of the property taken and to the severance damages which may have been sustained by the remainder as a result of the taking.
We will discuss each of these tracts separately.
Tract No. 1 — Homesite Property
The trial judge determined that defendant was entitled to an award of $15,296.00 as the value of the portion of Tract No. 1 which was expropriated and as the severance damages to the remainder resulting from that taking. He itemized this award as follows:
1.1 acres of land .$ 6,469.00
fencing and driveway. 1,428.00
cost of new driveway . 3,399.00
severance damages to “lots” .. 4,000.00
Total .$15,296.00
A substantial residence building, which was and is now being occupied by defendant as his home, is located on Tract No. 1, about midway between the east and west boundary lines of that tract. The plats filed in evidence indicate that this residence building was set back about 200 feet from the north edge of the highway, as that thoroughfare existed at the time of the taking. A concrete driveway extended from the front of the house to the public road, the driveway forming a circle or a loop near the residence building. The land on which defendant’s home is located is several feet higher than the surface of the highway, *610 and prior to the taking the driveway, conforming to the topography of the land, sloped gradually from the residence down to the roadway.
The new or improved highway, which was constructed by plaintiff about 70 feet closer to defendant’s residence, was from 4.1 to 10.6 feet lower than the surface of defendant’s property along the line where that property abutted the new highway. At the point where defendant’s driveway entered the highway defendant’s property was 10.6 feet higher than the new or improved highway. The property remaining to defendant after the taking had the same frontage on the improved highway as it did on the old one, and it has continued to have access to that thoroughfare. Because of the difference in elevation between the south part of defendant’s remaining property and the relocated highway, however, it became necessary for a new or different type of driveway to be constructed leading from the road to Mr. Breedlove’s home, the incline of the new driveway necessarily being greater than that which existed before.
The Department of Highways reconstructed a part of the driveway for Mr. Breedlove, but the evidence shows that the driveway built by plaintiff was too steep for safety, that it was not in keeping with the quality of defendant’s home, that portions of the embankment on either side of the driveway washed out or eroded shortly after it was built, and that the hardsurfaced portion of that driveway began to crack and to break. The defendant then built another driveway at the same location, and the trial judge held that .he is entitled to recover from plaintiff the cost of constructing that new driveway.
The parties agree that the awards of $6,469.00 for the land taken, and $1,428.00 for the fences and the portion of the old concrete driveway which were included in the taking, are fair and adequate. Plaintiff contends, however, that the award of $3,-399.00 for the cost of constructing a new driveway to the residence building, and the allowance of $4,000.00 for severance damages to “lots,” are unwarranted and should be deleted. Defendant contends that the last two mentioned awards are proper, and that in addition thereto the defendant is entitled to recover the sum of $7,500.00 as severance damages to the homesite property.
Mr. Breedlove rebuilt that portion of the driveway which extended from the hardsur-faced portion of the new highway to the circle or loop formed by the old driveway in front of his home. He removed a considerable amount of dirt in order to lessen the degree of slope and to provide more visibility for motorists leaving his property and entering the highway by means of this driveway. Also, he constructed brick retaining walls on either side of the driveway to prevent washouts or erosion. The cost of constructing this new driveway was $3,399.00.
Plaintiff contends that the new driveway constructed by defendant was much finer and more elaborate than was the one which existed prior to the taking, and that for that reason the trial judge erred in allowing defendant to recover the cost of constructing it.
We agree with plaintiff that the new driveway constructed by defendant is more elaborate and more expensive than the one which existed prior to the taking. We are convinced, however, that a more expensive driveway was made necessary because of the difference in elevation between the new highway and that portion of defendant’s property which abutted that thoroughfare. The brick retaining wall on either side of the driveway had to be added, for instance, to prevent washouts and erosions, and a considerable amount of dirt had to be removed from the driveway itself, and from the property on either side of it, to provide the safety features which we think are essential and which existed prior to the taking. The evidence shows that the cost of this construction was reasonable.
*611 The severance damage allowable as the result of an expropriation is the difference between the market value of the remaining property immediately before and its diminished value immediately after the taking. State, Through Department of Highways v. Dodge, La.App. 3 Cir., 168 So.2d 430; State Through Dept. of Highways v. Gani, La.App. 3 Cir., 138 So.2d 683.
One expert appraiser testified that if Mr. Breedlove had not built that type driveway it would have detracted from the value of his remaining home property. Another such expert felt that it would be “very cheapening to the rest of his property if he didn’t have a nice driveway,” and that since the driveway was built as it was the remainder of defendant’s home place “is worth about the same now as it was before.” And one of the experts called by plaintiff conceded that it was necessary for the slope of the driveway to be reduced and for there to be some “sodding of both sides of the cut,” although he felt that this could have been done at considerably less expense than that incurred by defendant.
The trial judge held that the driveway built by Mr. Breedlove was “of such ordinary attractiveness to be in keeping with the home property,” and he awarded defendant the cost of constructing that driveway as “a definite and proved cost of severance damage.”
We think it is clear from the evidence that after the new highway was constructed and before Mr. Breedlove re-built his driveway, a prospective purchaser of the remainder of defendant’s home place would have considered the expense which would have to be incurred in building a driveway with the essential safety features possessed by the original driveway, and that he would have deducted that cost from the price which he otherwise would have paid for the remainder. As a result of the taking, therefore, the value of the remaining property of the defendant was diminished by the amount which would be required to construct a suitable driveway. We agree with the trial judge that the driveway built by Mr. Breedlove is in keeping with the value of the home, that it is not over-elaborate and that the cost was reasonable. We thus affirm the award of $3,399.00 made by the trial court as severance damages to that portion of defendant’s remaining property on which his home is located.
Accepting the testimony of defendant and the experts called by him, the trial judge concluded that the highest and best use of the 18-acre homesite property was to divide it into five homesites or lots, the center lot on which the home is located to have a frontage of 167 feet on the highway, and each of the other four lots, two being on either side of the home place, to have a frontage of 125 feet. Mr. Breedlove felt that each of the four lots on either side of the home place would sustain a severance damage of $1,500.00 as a result of the taking, since the construction of the new highway caused the elevation of each such lot to be several feet higher than the highway and prospective purchasers would deduct the cost of constructing suitable driveways to provide access to the lots. The two appraisers called by defendant felt that each of said lots would sustain a severance damage of $1,000.00. The appraisers who testified in behalf of the plaintiff felt that it was not feasible to divide the property into other homesites, and they were of the opinion that no severance damages would be sustained by any of the remaining property other than the cost of reconstructing a suitable driveway to the home place.
We have already pointed out that prior to the taking defendant’s property was the same elevation as the highway, but that after the new highway was constructed his remaining frontage property was several feet higher than the roadway. We cannot say that the trial judge erred in finding that the highest and best use of that part of defendant’s property which is located on both sides of his home was for future *612 homesite purposes, and that the amount of property available for that purpose was sufficient to provide four such homesites. In our opinion, a prospective purchaser of this future homesite property would deduct from the purchase price, which formerly would have been reasonable, the amount which would have to be spent in providing suitable access to the property from the highway. We think the evidence supports the conclusion of the trial judge that as a result of the construction of the new highway the remaining homesite property owned by defendant, other than the 170-foot frontage tract on which his home is located, has been diminished in value by the total sum of $4,000.00, being $1,000.00 for each of the four possible homesites.
Defendant contends further that the trial judge erred in failing to award him the additional sum of $7,500.00 as severance damages to Tract No. 1. Mr. Breedlove and one of the appraisers called by him testified that the value of the home place has been reduced by that amount because of the more hazardous approach to the property, the reduction in the size of the front lawn, and the loss of some trees which were included within the right-of-way and which formed a part of the original landscaping picture. The other appraiser called by defendant felt that there was no such diminution in value, especially since a suitable driveway has been constructed by the defendant, although he felt that defendant was entitled to an award of $500.00 as “flat damages” to trees and shrubbery. The appraisers called by plaintiff felt that there were no severance damages to the home place other than the amount which would be required to reconstruct the driveway.
We find no error in the conclusion reached by the trial court that this claimed item of severance damages is “to speculative” and “too indeterminable” to justify such an award. We, therefore, affirm the holding of the trial court that defendant’s claim for these additional severance damages should be rejected.

Tract No. 2—Rental Property

Both of the expert appraisers called by defendant felt that the portion of Tract No. 2 which was taken by plaintiff had a market value of $625.00. One of these appraisers felt that the remainder was diminished in value by $200.00 as a result of the taking, while the other felt that no severance damages were sustained. One of the appraisers called by plaintiff felt that the portion of Tract No. 2 which was taken had a value of $382.00, and the other felt that it was worth $392.00. One of these appraisers concluded that the remainder of that tract sustained a severance damage of $100.00, while the other felt that there were no severance damages.
The trial judge, accepting largely the opinions expressed by plaintiff’s appraisers, held that insofar as Tract No. 2 is concerned, defendant is entitled to an award of $382.00 for the property taken, plus $100.00 as severance damages. Defendant contends that this award should be increased.
We find no error in the award made by the trial judge for these items, and we thus affirm the determination of just and adequate compensation made by the trial judge as to the rental property.

Allowance of Expert Witness Fees

In this case the trial judge allowed each of the two appraisers who testified in behalf of defendant an expert witness fee of $150.00. These two witnesses, and Mr. E. C. Breedlove, the defendant in the instant suit, also testified as expert appraisers in a companion case which was tried on the same day and which is being decided by us on this date. See State of Louisiana, Through Department of Highways v. DeLoach, La.App., 188 So.2d 614 (No. 1714 on our docket). In that companion case, as in the instant suit, expert witness fees also were allowed by the trial court to each of these three appraisers and taxed as costs.
*613 Plaintiff contends that the trial judge erred in allowing expert witness fees to the witnesses called by the defendants in both cases for two reasons: (1) That the opinions as to value which they expressed were “unsupportedand (2) that the procedure for qualifying experts was not followed in either case.
The record shows that each of these witnesses has been engaged in business as a real estate broker in Natchitoches for a number of years, and each has had considerable experience in buying, selling and ap-' praising real property in that area. No question was raised at the trial as to their qualifications to express opinions as to the value of real property. The trial judge permitted them to express expert opinions as to value, and we are convinced that each is well qualified to give expert appraisals as to the value of real property in that area.
It is true, as pointed out by plaintiff, that these witnesses based their opinions as to value largely upon their years of experience in buying and selling real estate in that immediate vicinity and on their general knowledge of the value of real property in Natchitoches Parish. They explained that they were unable to find any sales in that area which they considered to be comparable, except for one sale to a private party and several sales to expropriating authorities which they did consider. The fact that they were unable to find and to support their opinions by other comparable sales, however, does not disqualify them from expressing expert opinions as to value. In State, Through Department of Highways v. Gielen, La.App. 3 Cir., 184 So.2d 737, we held:
“ * * * it has long been the practice of Louisiana courts to rely on the expert opinions of those who deal in land transactions in the vicinity of the expropriated land in the absence of comparable sales in order to establish the value of the remaining land.”
We think the opinions expressed by the above mentioned three appraisers were well grounded from the standpoint of sincerity, logic and good reasoning, and we find no merit to plaintiff’s contention that they should not be allowed expert witness fees because their opinions as to value were “unsupported.”
Each of these witnesses was questioned extensively as to his training and experience in buying, selling and appraising real estate in that area before he was asked to express an opinion as to value or severance damages. We note that the defendants did not formally tender each of these witnesses as an expert after questioning him as to his qualifications, and the trial judge did not formally rule in either case that he had been accepted as an expert. We assume that it is because of these omissions that plaintiff now contends that the proper procedure was not employed in qualifying them as experts.
It is apparent from the records, and we think it was clearly obvious to plaintiff at the trial, that these witnesses were called to testify as expert appraisers in behalf of the defendant in each case. Following the procedure customarily employed in qualifying experts, these witnesses were first questioned as to their qualifications, they were then asked to express expert opinions, no objections were raised as to their qualifications to express such opinions, and the trial judge obviously accepted them as experts, although no specific ruling to that effect was made. We think the applicable rule is correctly stated in 32 C.J.S. Evidence § 458a, as follows: “The qualification of a witness to state his opinion may be waived by the parties by express stipulation or by failure to object to the testimony when offered.”
In the instant suits, we conclude that the witnesses called by the defendants, who expressed opinions as to the value of real property and severance damages, were properly qualified as expert witnesses, and that the trial judge did not err in allowing each of them expert witness fees.

*614
Decree

For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.