HOOD, Judge.
The State of Louisiana, through the Department of Highways, expropriated a portion of a tract of land owned by the defendant, Mrs. Oma Breedlove DeLoach. It deposited $1,750.00 in the registry of the court as its estimate of the compensation due for the property taken and for severance damages. The defendant filed an answer demanding a trial to determine the just and adequate compensation to which she is entitled. After trial, judgment was rendered by the trial court awarding her the sum of $4,550.00, subject to a credit for the amount which plaintiff had deposited. Plaintiff has appealed, demanding that the award be reduced, and defendant has answered the appeal, praying that it be increased.
The facts and issues in this case are similar to those presented in State of Louisiana, Through Department of Highways v. Breedlove, La.App., 188 So.2d 608 (No. 1715 on our docket), which we are deciding on this date. Although these suits were tried separately and relate to different tracts of land, they involve property located in the same vicinity, the same expert appraisers testified in each case, and the two cases were consolidated for the purpose of appeal.
The property owned by the defendant in the instant suit is located one or two miles west of the City of Natchitoches, on the south side of and abutting a blacktopped public highway. It has a frontage of 210 feet on the highway, and prior to the taking it had a depth of 1050 feet. A modest frame residence building is located on the property. Before this expropriation suit was filed, this residence building was located 20 or 25 feet south of the south line of the highway right-of-way which was then owned by plaintiff.
The portion of defendant’s property which was expropriated consisted of the north 0.2 acre of such property, the part actually taken including the entire frontage of the property on the highway by a depth of more than 20 feet. The south boundary line of the 0.2-acre tract expropriated here lies about two feet from, and immediately north of, the front of the residence building on defendant’s land. The demand for severance damages in this case is based largely upon the claim that the defendant has been deprived of a front lawn for the residence building as a result of the taking, and that the building thus must be moved further back from the highway if it is to be made suitable for continued use as a residence.
Although the highway right-of-way was located only about two feet from that building after the expropriation, we note that the hardsurfaced or travelled portion of the highway is not that close to the house. The new or improved highway was constructed almost in the same location as was the old one, the nearest edge of the new highway being not more than five feet closer to the residence building. The shoulder on the south side of the highway was widened to some extent, but the photographs and evidence indicate that the south edge of the shoulder of this highway is at least 20 or 25 feet from the residence building. The south shoulder was gravel-led and defendant’s driveway was reworked so that it is smooth and level with the highway.
Three expert appraisers testified in behalf of the defendant, each of whom felt that the 0.2-acre tract which was expropriated had a value of $1050.00 at the time of the taking. Two expert appraisers testified in behalf of plaintiff. One was of the *616 opinion that the property taken had a market value of $873.00, and the other valued it at $685.00.
The trial judge, accepting the opinions expressed by the experts called by defendant, concluded that the property expropriated had a value of $1050.00 at the time of the taking. The award made by the trial court included that amount as the value of the tract expropriated. Plaintiff argues that the award for that item should be reduced to $873.00.
Plaintiff contends that the court ered in considering the opinions expressed by the three appraisers called by defendant, because those opinions were not based on comparable sales. Two of these experts testified that they found no sales of property to private parties which they considered to be comparable, but that they were familiar with and considered several voluntary sales made to expropriating authorities affecting property in that immediate vicinity. Although they considered these sales to expropriating authorities, they based their opinions as to value largely upon their experience with and knowledge of land values in that area. The other appraiser called by defendant considered one sale to an individual affecting property in that immediate vicinity, as well as other sales to expropriating authorities, but he also based his opinion as to value primarily on his experience with sales and ownership of lands in that area.
The appraisers called by plaintiff considered four sales which they considered to be comparable. The trial judge concluded, however, that the sales cited and considered by plaintiff’s appraisers were not comparable to the subject property, and he rejected the opinions as to value expressed by those experts.
The measure of compensation to be awarded in expropriation cases is the market value of the property at the time of the taking. LSA-R.S. 48:453; State Through Dept. of Highways v. Central Realty Investment Co., Inc., 238 La. 965, 117 So.2d 261. Sales of similar and comparable property within the vicinity offer the best guide in determining the market value to which the owner is entitled. State Through Dept. of Highways v. Caillier, La.App. 3 Cir., 157 So.2d 274; State Through Dept. of Highways v. Stoer, 238 La. 718, 116 So.2d 498. A sale to an expropriating authority under the threat of expropriation may be considered in determining the market value of the property taken, but such a sale is not controlling as a comparable sale, since it is not a “willing seller” transaction. State, Through Department of Highways v. Dodge, La.App. 3 Cir., 168 So.2d 430; State Through Dept. of Highways v. Bourque, La.App. 3 Cir., 127 So.2d 784; Texas Gas Transmission Corp. v. Fuselier, La.App. 3 Cir., 133 So.2d 828. The testimony of each expert should be considered and given effect if that testimony appears to be well grounded from the standpoint of sincerity and good reasoning, although the expert testimony may be disregarded if it impresses the court unfavorably. State, Through Department of Highways v. Stoer, supra; State Through Dept. of Highways v. Dodge, supra.
In the instant suit, the testimony of the experts called by defendant appears to be well grounded from the standpoint of sincerity and good reasoning. We cannot say that the trial judge erred in accepting the opinions expressed by those experts, and rejecting the opinions as to value expressed by the appraisers who testified in behalf of plaintiff. We, therefore, affirm the finding of the trial court that the property expropriated had a value of $1050.00 at the time of the taking.
We turn now to a consideration of the award made for severance damages. Severance damages to the remainder of the property, of course, are determined as of the date of the trial. LSA-R.S. 48:453.
All of the experts called by defendant are of the opinion that since the highway right-of-way now runs directly in front of, *617 and about two feet from, the residence building, any prospective purchaser of the remaining property would consider the cost which would have to be incurred in moving the house back, and he would deduct that amount from the price which he otherwise would be willing to pay for the property. Although the evidence contains no estimate as to what it would cost to move the house, these appraisers felt that because of the nearness of the right-of-way to the house, that fact that practically all of the front lawn has been taken, and the fact that the house obviously will have to be moved back from the right-of-way, the remaining property has been diminished in value. One of defendant’s experts felt that the remaining property had sustained severance damages of $3,500.00, while the other two thought it had been diminished in value by $4,500.00.
The appraisers who were called by plaintiff conceded that a prospective purchaser would consider the cost which would have to be incurred in having the house moved back from the highway. They observed, however, that the residence is useable in its present condition, since the new highway had not been constructed along the extreme southern edge of the right-of-way, and they apparently feel that the cost of moving it is not as great as that anticipated by the other experts. One of these appraisers felt that the remainder had been diminished in value by $1,319.00, while the other felt that severance damages of $1,205.00 had been sustained.
The trial judge accepted the estimate of one of defendant’s experts, and he concluded that the value of defendant’s remaining property had been diminished by the sum of $3,500.00 as a result of the taking. This amount was included in the award which was made to the defendant.
Plaintiff argues that the trial judge erred in refusing to permit one of the appraisers called by it to express an opinion as to the cost which would be incurred in moving the house. The obvious purpose in offering that testimony was to show that the expense of moving the house was less than the severance damages estimated by defendant’s experts. The trial judge sustained an obj ection to that testimony because the witness acknowledged that he had had no experience in moving houses. We think the ruling of the court was correct. The same expert, who was not allowed to testify as to the cost of moving the house, was permitted to express an opinion as to the amount of severance damages which defendant sustained, and there can be no question but that he considered his estimate as to the cost of moving the house in arriving at an opinion as to the amount of severance damages which were sustained. Counsel for plaintiff, in fact, notes in his written brief that, “Doubtless the cost of moving the house back on the tract owned by defendant would have been somewhat less than the severance damage finally fixed by Mr. Willet in the amount of $1,319.00.”
We agree with the statement made by the same appraiser that “the true test of damage is what reaction a prospective and typical purchaser would have to the property as it is now situated.” All of the expert appraisers were permitted to express opinions as to the reaction which a prospective purchaser would have to defendant’s remaining property, and as to its diminished market value after the taking.
We think the evidence supports the conclusion of the trial court that the remaining property has been diminished in value by the sum of $3,500.00, and we thus affirm the award made for severance damages.
The allowance made by the trial court as fees for the appraisers who testified is affirmed for the reasons which we assigned in the Breedlove case, supra.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to the plaintiff-appellant.
Affirmed.