REID, Judge.
The plaintiff, State of Louisiana through the Department of Highways brought this expropriation suit against the defendant, John W. Puckett, seeking to expropriate a strip of land owned by the defendant located in Lot E of Block 39 of Suburb Gracie of the City of Baton Rouge, Louisiana, which property fronted 29 feet on North 22nd Street, and ran back approximately 18.30 feet in depth. The purpose of the expropriation was for the widening of North 22nd Street, making four lanes with no parking facilities.
Plaintiff appellee deposited the sum of $4750.00 as being the amount of just compensation due the defendant appellant for the taking and any resulting damages.
The said sum of $4750.00 allowed $750.00 for the value of the land and improvements thereon and $4000.00 for severance damages to the remainder.
Defendant answered contending that the value of the property taken amounted to $7500.00 and that it would cost $22,500.00 to relocate the front of the building in order to provide adequate parking area and that the damages to the remainder of the property (severance damages) amounted to $25,000.-00 and asked for judgment in the total sum of $55,000.00 less and except the sum deposited in the Registry of the Court.
The Lower Court rendered judgment awarding the defendant $1000.00 for the property taken; $4600.00 for severance damages and $350.00 for expenses for preparing for trial.
From this judgment the defendant herein has appealed to this Court and the plaintiff has answered the appeal asking that the judgment be amended so that the $350.00 award for expenses for preparation for trial should not be a part of the award but should be taxed as costs.
Neither side raises the issue on this appeal as to the value fixed by the Lower Court of the land taken, namely, the sum of $1000.00. The sole issue herein is the value of the severance damages to the remaining property and the question of whether the expense for preparing for trial should be a part of the award or taxed as costs. We will deal with the question of the severance damages first.
Both parties to this suit used one appraiser each, the plaintiff using Mr. Chester A. Driggers and the defendant using Mr. John Lejeune. Mr. Driggers was the appraiser whose evaluation was the basis of the amount deposited in the Court for the value of the property taken and the severance *214 damages, as a just and adequate compensation therefor.
The main damage to the property appears to be in the parking area to the front of the building. The testimony and pictures in evidence show that the parking space was used for parking six automobiles. They were not parked side by side but in a tandem fashion, three in the front and three behind, so that the ones in the rear would have to move before the ones in the front could get out.
After the taking and after the widening of the street to four lanes there was only room to park three automobiles.
Mr. Lejeune, defendant’s witness, testified that the damage to the remaining part of the building by the taking was 50% of the parking area to the front. He valued the building at $31,175.00 and the land at $23,650.00 for a total of $54,825.00. He was of the opinion that the damage to the remaining property and building would be 50% because of the fact that there were no parking spaces in the front and they were not allowed to park on the street. He did state, however, that the best approach for all parties concerned and the cheapest would be the cost to cure method.
Mr. Lejeune testified that there were 1060 square feet of the building that would have to be removed considering both the ground and top floors as being 530 square feet taken and doubling this would make 1060 square feet. He further testified that by removing this area from the front of the building and adding it to the rear, including the cost of partition, air conditioning units and replacing the building would be at a cost of $6.50 a square foot and repaving 530 square feet area for parking at a cost of $11,761.00. He rounded this amount off to $11,800.00 which is the amount the defendant appellant seeks to recover for the severance damages. This amount added to the $1000.00 which is undisputed would make the total amount of just and adequate compensation the sum of $12,800.00.
Mr. Driggers, the witness for the plaintiff, used the loss of rental value approach in fixing his estimate of the severance damages to defendant’s property. He testified that Mr. Puckett had lost three parking spaces which he valued at $10.00 per month per space, which would amount to $360.00 a year. He then estimated the remaining life of the building to be 25 years and discounting this at the rate of 6% he came up with a total loss of $4600.00.
He testified that he did consider the cost to cure approach but he approached it with the idea of obtaining additional property next to Mr. Puckett for parking space, which however was not available.
The approach used by Mr. Driggers was the one adopted by the Court in its written reasons for judgment. Mr. Driggers discounted the $4600.00 he estimated to be the loss rental value because that would be extended over a period of 25 years and fixed his original valuation at $4000.00 which was the sum deposited for this item in the Registry of the Court. The Trial Judge ignored this reduction and fixed the award at the sum of $4600.00, which satisfies the plaintiff herein for the severance damages.
The Courts in several cases have upheld the severance damages to property because of the loss of parking space, particularly to commercial buildings. The building in this instance was used by the defendant as a real estate office and he had rented half of it to a bumper service concern, although it was not so rented at the time of the trial of this case.
The second floor of the building was designed for offices with a hall down the center and offices on each side and had been rented for several years. They had not been rented at the time of the taking, or the time of the trial of this suit. It stands to reason that in order to rent offices it is necessary to provide parking space for the tenants and their customers or clients.
This principle of law, that the loss of adequate parking space would cause damage to *215 the main portion of the property, has been set out in the case of State of Louisiana through the Department of Highways v. Leger, La.App., 170 So.2d 399. This case holds as follows:
“However, we think the commercial building has suffered a considerable loss in value by reason of the loss of adequate parking space in front adjacent to the highway. Undoubtedly the loss of such parking in front will reduce the value of this building as a country store and virtually destroy its value as a gasoline service station. It would be most disadvantageous to place new pumps on either side of the building even if such space were available.”
In the case of the State of Louisiana through the Department of Highways v. Johnson, La.App., 168 So.2d 389 our Brothers of the Third Circuit held that the evidence established the value of the building on uncondemned portion of 0.787 acre tract had been diminished by 75% because the building after the construction of the road would be left within approximately 8 feet of the highway right of way.
In the case of State of Louisiana, through the Department of Highways v. Randolph (La.App. 3 Cir., 1965), 170 So.2d 397, there was a difference between the State and the property owner as to whether the building was a total loss or had a diminished value. The value of the building before depreciation was fixed by the expert for the State and defendant at approximately $6.00 per square foot. The main difference in the severance damages was that the defendant, property owner, experts said that the building would have no value after the taking and the plaintiff, the State, experts depreciated the building sixty (60%) per cent and fixed the severance damage on a loss of rental basis.
After considering the facts, the Court concluded:
“Considering that defendant had to remove his gasoline tanks and is deprived of highway or parking on the west side of the building, together with the meager parking facilities to the north and south of the building, this Court is of the opinion that the severance damages to the remainder of the property are 75% of $2,-100.00 or $1,570.00.”
We held in the case of State of Louisiana, through the Department of Highways v. Bourg, La.App., 135 So.2d 600 that a house after the taking was located within 8 feet of the right of way and within 27 feet of the edge of the concrete would not render it valueless by the taking but suffered diminution in value to the extent of $2,284.00 only.
In the instant case the parking space of the defendant’s property was reduced by 50%. We feel that the instant case is analogous to State of Louisiana through the Department of Highways v. Leger, supra, State of Louisiana through the Department of Highways v. Johnson, supra, State of Louisiana, through the Department of Highways v. Randolph, supra, where the Court awarded severance damages because of the lack of adequate parking space caused by the construction of the highway and with effective value in use of the property as a service station.
We feel that in this case the use of the rental loss method of estimating the severance damages is not the proper method and feel that either the diminution in value for the lack of adequate parking space or the cost of cure method would be proper.
In this case the 50% of the estimated value of the property would amount to some $18,000.00 to $25,000.00. The cost of cure method amounts to $11,800.00. This is the amount that the appellant seeks herein. We feel that the award should be increased for severance damages to the sum of $11,800.00.
This brings us to the question of $350.00 awarded for the expenses of defendant’s expert witnesses in preparing for trial, and we find that this should definitely be an item of cost and not an item of award. *216 See State of Louisiana, through the Department of Highways v. Jones, La.App., 146 So.2d 414.
For the foregoing reasons it is ordered that the judgment of the Lower Court be reversed insofar as the award of $350.00 for expenses for preparing for trial and amended by increasing the award for severance damages from $4600.00 to $11,800.00 and by taxing the expenses of preparing for trial in the amount of $350.00 as costs herein, all subject to a credit in the amount deposited in the Registry of the Court and withdrawn by the defendant, and as amended the judgment of the District Court is affirmed at appellant’s cost.
Reversed in part, amended and affirmed.