TATE, Judge.
This is a highway expropriation proceeding. The landowners appeal from the deT nial of severance damages.
Prior to the taking, the defendants owned a service station and truckstop facing eastward on United States Highway 171. After the taking, the new roadbed of the highway was to the rear (west) of their service station-cafe facilities. Further, the area of their station site had been reduced by more than one-half, from about one and one-half (1.606) acres to about three-fourths (.762) acre. The service station facilities of course no longer face on the main highway but instead only on the former route, now a side-road.
The sole issue on appeal is whether the defendant landowners are entitled to additional[1] severance damages because of the changed size and facing of their service station facilities. The severance damages sought are the alleged taking-effected reduction in market value of the service station remainder and improvements.
The landowners argue most skillfully that, as a result of the taking — and especially of the reduction in size of the service station site — , the market value of this remainder has been drastically reduced. They rely upon evidence that, before the taking, the market value for the best use of the service station site was for a Class “A” truckstop location. This increment in value over ordinary service station sites results from the greatly increased sale of petroleum and other motor vehicle products accruing from a facility at which trucks may stop and receive complete servicing while the drivers rest and sleep in facilities afforded for that purpose. See State, Through Department of Highways v. Lewis, La.App. 1st Cir., 142 So.2d 652, 653.
On the other hand, the Department argues: The damages sought essentially result from the diversion of traffic, and hence are not compensable. Cerniglia v. City of New Orleans, 234 La. 730, 101 So. 2d 218; Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572; Thomas & Warner, Inc. v. City of New Orleans, 230 La. 1024, 89 So.2d 885; Patin v. City of New Orleans, 223 La. 703, 66 So.2d 616; State, Through Department of Highways v. Sumrall, La.App. 1st Cir., 167 So.2d 503. Further, the frustration of an owner’s personal business plans are not compensable, State, Through Department of Highways v. Levy, 242 La. 259, 136 So. 2d 35, especially when merely conjectural, Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491, in the absence of a real and present effect upon market value.
The defendant landowners do not dispute these principles. They contend that the taking in the present case substantially changed the nature of the property’s most valuable present use, thus effecting an ac *765 tual and not merely conjectural reduction in market value.
The owners rely upon evidence that there was a real and actual market value of their site for a Class “A” stop, as the first station site north of Lake Charles on this main highway. This use of the property was destroyed by the reduction by one-half in the size of the property. Because of less space for maneuverability and for outbuildings, the site no longer had any enhanced value as a Class “A” truckstop and thus only has the lesser-valued use as a general service station property.
In so arguing, the. .landowners rely upon State, Through Department of Highways v. Puckett, La.App. 1st Cir., 207 So.2d 212, State, Through Department of Highways v. Bernelle, La.App.2d Cir., 203 So.2d 777, State, Through Department of Highways v. Randolph, La.App. 3d Cir., 170 So.2d 397, and (especially) State, Through Department of Highways v. Lewis, La.App. 1st Cir., 142 So.2d 652. These decisions held, in allegedly comparable circumstances, that compensation should be afforded for a loss in market value resulting from a taking because the commercial usefulness of motor vehicle service property is substantially lessened by the destruction of ample parking space.
The landowners produced substantial factual evidence in support of their contention that the highest and best use of the subject-'property was as a Class “A” truckstop. However, the trial court accepted instead the testimony of the Department’s appraisers that the highest and best use of the property at the time of the taking was only as a service station or a Class “B” truckstop. There is no substantial conflict in the evidence that, after the taking, the property still had this same use (except that the front of the service station-cafe facilities now faced away from the new highway).
The trial court in part based its acceptance of these witnesses’ factual conclusion upon corroborative facts, such as: The former rear of the property was too low for the purposes contemplated. The property had not in fact been developed as a Class “A” stop over the several years prior to the taking. The former and the contemplated traffic flow of the highway in question did not justify such a high-volume facility.
In expropriation proceedings, the factual finding of the trial court on a question of valuation should not be disturbed in the absence of manifest error. State, Through Department of Highways v. Ragusa, 234 La. 51, 99 So.2d 20, State, Through Department of Highways v. Gielen, La.App. 3d Cir., 184 So.2d 737, State, Through Department of Highways v. Crockett, La.App. 3d Cir., 134 So.2d 341. Since the trial court’s factual determination in this regard is founded upon substantial evidence, we find no manifest error and will not disturb its finding.
Accordingly, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.

. The trial court did allow $5,924, the cost of providing a new sewerage system on the remainder, necessitated because the existing one extended into the area taken. The Department does not complain of this award for cost-of-eure severance damages.